G & J Pepsi Cola Bottling, Inc., Appellant, *v.* Limbach,
Tax Commr., Appellee.

[Cite as G & J Pepsi Cola Bottling, Inc. *v.* Limbach (1990),
48 Ohio St. 3d 31.]

(No. 88-1702 — Submitted November 15, 1989 — Decided January 10, 1990.)

---

[1] The equipment displayed the identifiable "Pepsi" trademark or insignia on the outside of the machine.

*Taft, Stettinius & Hollister,* *Stephen M. Nechemias* and *Patrick J. Mitchell,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Richard C. Farrin* and *M. Linda Weigand,* for appellee.

DOUGLAS, J. Initially, it must be noted that appellant claims error regarding a matter which it did not specifically raise in its notice of appeal to the BTA. Appellant claims that certain packaging materials and equipment are exempt from taxation pursuant to Ohio Adm. Code 5703-9-21(E) and R.C. 5739.16(B), as the statutory "packaging exemption" in R.C. 5739.02(B)(15) was suspended during the period of tax assessment. However, since the alleged error has not been properly presented to us, we decline to consider the same. *Osborne Bros. Welding Supply, Inc.* v. *Limbach* (1988), 40 Ohio St. 3d 175, 178, 532 N.E. 2d 739, 742.

Pursuant to R.C. 5739.02, an excise tax is levied on every retail sale made in Ohio. R.C. 5739.01 provides in pertinent part:

"(E) *'Retail sale' and 'sales at retail' include all sales except those in which the purpose of the consumer is:*

"(1) *To resell the thing transferred* or benefit of the service provided in the form in which the same is, or is to be, received by him; * * *" (Emphasis added.)

R.C. 5739.01(B) defines a "sale" to include a transfer of tangible personal property "* * * *for a consideration* in any manner, whether absolutely or conditionally, whether for a price or rental, in money or by exchange, and by any means whatsoever * * *." (Emphasis added.) Therefore, if consideration existed for the transfer of the loaned or leased equipment from appellant to its customers, the initial purchase of the equipment by appellant was excepted from the levy of an excise tax in accordance with R.C. 5739.01(E)(1) as property purchased for the purpose of *resale.*[3]

Appellant contends that certain conditions in the lease agreement constitute "consideration." First, appellant argues that the display of its products by a retailer provides valuable advertising at the point of sale. Second, appellant suggests that a

---

[3] R.C. 5741.02(C)(2) incorporates the sales tax exceptions into the Ohio use tax law.

retailer suffers sufficient legal detriment as the agreement requires a retailer to use the equipment in selling only Pepsi products and a breach of this promise results in the repossession of the transferred equipment. Third, appellant contends that consideration for the transfer exists as the agreement requires a retailer to purchase a sufficient supply of Pepsi products to keep the leased equipment "well stocked" and breach of this covenant results in repossession of the equipment. Finally, appellant urges this court to find consideration for the transfers in that the agreement requires a retailer to assume all responsibility for destruction, loss and damage to the equipment transferred.

*San-A-Pure Dairy Co., Inc.* v. *Bowers* (1962), 173 Ohio St. 469, 20 O.O. 2d 103, 183 N.E. 2d 918, is dispositive of appellant's first and second arguments. In *San-A-Pure Dairy,* we held that the agreement to maintain the exclusive use of transferred equipment for storage and display of appellant's products did not constitute consideration as contemplated by R.C. 5739.01(B). *Id.* at syllabus. In the case at bar, a retailer merely agreed to exclusively dispense appellant's products from appellant's equipment which was initially provided to the retailer by appellant free of charge. The retailer was not required to forbear selling a competitor's products, but merely agreed to forbear selling a competitor's products from appellant's equipment. These covenants create no legal detriment and, hence, no "consideration" existed by virtue of these promises, within the meaning of R.C. 5739.01(B), for the transfer.

As to appellant's third argument, the agreement to purchase a "sufficient supply" of Pepsi products and to keep the equipment "well stocked" does not constitute consideration. Such an agreement is not an output or requirement contract and, therefore, the covenant may not be enforced or damages sought for its breach. The agreement is illusory. See *Coca-Cola Bottling Corp.* v. *Kosydar* (1975), 43 Ohio St. 2d 186, 193-194, 72 O.O. 2d 104, 108, 331 N.E. 2d 440, 444-445.

Finally, appellant contends that the retailer's assumption of liability in the event of loss, destruction or damage to the equipment constitutes consideration. We find this argument persuasive. According to the record in this case, appellant has charged other retailers for damages to equipment caused by a car being driven into a machine and for damages to equipment caused by fire. Although a retailer is not required to purchase insurance for the risk of loss, its assumption of such a risk of potential loss, destruction or damage clearly operates as a legal detriment to the retailer. Therefore, adequate consideration exists for the transfer of the equipment within the meaning of R.C. 5739.01(B).

Appellee contends that the disposition of the case at bar is controlled by previous decisions of this court. Specifically, appellee cites *Coca-Cola, supra.* However, in *Coca-Cola,* we were not presented with the question of whether the risk of destruction, loss or damage constitutes an adequate consideration for purposes of R.C. 5739.01(B). For this reason, appellee's contention is not well-taken.

Therefore, we hold that pursuant to R.C. 5739.01(B), adequate consideration exists for a rent-free transfer of beverage dispensing equipment, vending machines, coolers and related equipment to a retailer by a wholesale distributor of soft drinks when the retailer agrees to bear and assume all responsibility for destruction, loss or

damage to the equipment. Further, when coupled with an excepted purpose on the part of the wholesaler to purchase such equipment for resale, R.C. 5739.01(E)(1) precludes a sales and use tax levy on the initial purchase of the equipment.

Accordingly, the determination of the BTA finding that no consideration existed for the transfer was unlawful and the decision of the BTA is reversed.

*Decision reversed.*

MOYER, C.J., SWEENEY, WRIGHT and RESNICK, JJ., concur.

HOLMES and H. BROWN, JJ., dissent.