M.S. OSHER, M.D. & R.S. KERSTINE, M.D., INC., APPELLANT,
*v.* LIMBACH [TRACY], TAX COMMR., APPELLEE.

[Cite as *M.S. Osher, M.D. & R.S. Kerstine, M.D.,*
*Inc. v. Limbach* (1992), 65 Ohio St.3d 312.]

(No. 91–2569—Submitted September 15, 1992—Decided December 14, 1992.)

*Katz, Teller, Brandt & Hild* and *James F. McDaniel,* for appellant.

*Lee I. Fisher,* Attorney General, and *Barton A. Hubbard,* Assistant Attorney General, for appellee.

MOYER, C.J.  The issue presented by this appeal is whether the sale of an intraocular lens by a manufacturer to an ophthalmologist for subsequent implantation in the eye of a patient is a "retail sale" subject to the excise taxes imposed by R.C. 5739.02 and 5741.02.  We conclude that this transaction is not a "retail sale" pursuant to the provisions of R.C. 5739.01(E)(1), and reverse the decision of the Board of Tax Appeals.

R.C. 5739.01(E)(1) states:

"(E) 'Retail sale' and 'sales at retail' include all sales except those in which the purpose of the consumer is:

"(1) To resell the thing transferred or benefit of the service provided, by a person engaging in business, in the form in which the same is, or is to be, received by him * * *."

Having summarily concluded that R.C. 5739.01(E)(1) does not apply to Osher's purchases of intraocular lenses, the Board of Tax Appeals erroneous-

ly focused on the question of whether Osher was entitled to the retail sales tax exemption for prostheses sales under R.C. 5739.02(B)(19). In doing so, the board failed to properly analyze the distinction between two separate transactions in which Osher was involved: its purchase of lenses from the manufacturer, and its sale of lenses to patients.

The first transaction is the purchase of lenses by the ophthalmologist from the manufacturer. It is the assessment of tax on this transaction that is at issue before this court.

All retail sales are subject to tax under R.C. 5739.02, unless the transaction is specifically exempted. R.C. 5739.01(E)(1) provides such an exemption for transactions in which the article sold is intended for resale in the same form in which it is received.

The Tax Commissioner argues the lenses are not sold in the same form received because they are subsequently implanted in a patient's eye. The commissioner attempts to draw an analogy to *Fritz v. Peck* (1953), 160 Ohio St. 90, 51 O.O. 5, 113 N.E.2d 627. *Fritz* concerned the taxation of dentures that are fitted by a dentist to a patient's mouth and adjusted from time to time. The court concluded that because the dentures were not resold in the same form in which they were received by the dentist, they were taxable.

However, unlike the dentures in *Fritz*, the lenses purchased by appellant are not changed in any manner when they are resold and implanted. The procedure requires the physician to make an incision in the patient's eye, remove the natural lens, implant the replacement lens in the eye where the natural lens has been removed, and close the incision. Once the lens is in place, it becomes a permanent part of the patient's eye and functions identically to the natural lens.

The Board of Tax Appeals, recognizing that R.C. 5739.01(E)(1) arguably could provide an exemption for the transaction, concluded that because the lens is part of an intricate surgical procedure, it cannot be considered sold in the same form in which it was received. Yet, the evidence presented to the board revealed that the replacement lens itself is not altered in any manner during the surgical procedure. The patient's eye is changed, but the replacement lens is not altered or adjusted by the physician at any time. Because this unchallenged evidence demonstrates the transaction by which Osher obtained intraocular lenses is not a "retail sale" as defined by R.C. 5739.-01(E)(1), we hold, pursuant to R.C. 5717.04, that the decision of the board is unreasonable.

There is also disagreement between the parties regarding whether R.C. 5739.02(B)(19) exempts from taxation sales by the lens manufacturer to the ophthalmologist. Such a determination is unnecessary. As determined above,

the manufacturer-ophthalmologist transaction is not a "retail sale" as defined by R.C. 5739.01(E)(1); therefore, no sales or use taxes may be assessed, and no further exception is required.

The second transaction involving Osher is its sale of the lens to the patient. Although Osher asserts it is this sale upon which taxes have been assessed, the record indicates the Tax Commissioner has made no attempt to collect sales or use taxes on this transaction. That decision by the commissioner was correct because R.C. 5739.02(B)(19) provides an exemption from taxation for purchases of prosthetic devices by patients, and the replacement lens here is such a device.

For the foregoing reasons, the decision of the Board of Tax Appeals is reversed.

*Decision reversed.*

SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.