OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

CCH Computax, Inc., Appellant, v. Tracy, Tax Commr., Appellee.
[Cite as CCH Computax, Inc. v. Tracy (1993),       Ohio
St.3d     .]
Taxation -- Sales and use taxes -- Services of automatic data
     processing company that sorts, classifies and rearranges
     information from professional tax preparers and then
     mechanically prints tax returns which are sold to the tax
     preparers are taxable -- R.C. 5739.01(Y), applied -- R.C.
     5739.01(E)(1) exemption, applied.
     (No. 92-1453 -- Submitted April 29, 1993 -- Decided
December 29, 1993.)
     Appeal from the Board of Tax Appeals, No. 88-D-566.
     Appellant, CCH Computax, Inc. ("Computax"), conducts its
business with professional tax preparers, such as lawyers or
accountants, and does not engage in business directly with tax
preparers' clients.  Computax obtains information from the tax
preparers, transcribes such information into computer language
and uses its data processing machine system and programs to
mechanically sort, classify and rearrange the information.  It
then prepares tax returns and related schedules for tax
preparers, based upon information supplied by the tax
preparers' clients, the taxpayers.
     For the audit period, July 1, 1983 to November 30, 1985,
the Tax Commissioner levied a use tax assessment of $514,638.81
against Computax, and the assessment was affirmed upon appeal
by the Board of Tax Appeals ("BTA").
     In its appeal to this court, Computax asserts three
grounds for reversal of the BTA's decision:  (1) Computax does
not provide taxable automatic data processing or computer
services pursuant to R.C. 5739.01(B)(3)(c) or (Y), but,
instead, it furnishes personal or professional services that
are exempted from sales and use taxes by R.C. 5739.01(B)(5) and
5741.02(C)(2); (2) the benefit of Computax's personal or
professional services is "resold in the same form in which it
is received by the customers," and thus is excepted by R.C.
5739.01(E); and (3) approximately two-thirds of the returns
Computax prepares are for individual taxpayers and,
accordingly, are not taxable because they are not provided for

use in business by Computax's customers.

The cause is now before this court upon an appeal as of right.

Porter, Wright, Morris & Arthur and George M. Hauswirth, for appellant.

Lee I. Fisher, Attorney General, and Barton A. Hubbard, Assistant Attorney General, for appellee.

Per Curiam. The decision of the BTA is affirmed in part and reversed in part.

Although this is a use tax assessment only and not a sales tax assessment, by reason of R.C. 5741.02(C)(2) tax liability is determinable under sales tax statutes.

As to the first issue, set forth supra, the BTA decision is neither unreasonable nor unlawful and it is affirmed. The relevant statutes, R.C. 5739.01(B)(3)(e) and 5739.01(Y), in their several iterations and as pertinent, defined automatic data processing and computer services ("ADP services"), taxed ADP services, and granted exemption from taxation in certain instances.

R.C. 5739.01(Y) defined ADP services to mean "processing of others' data" and providing "access to computer equipment" for the purpose of "processing data or examining or acquiring data stored in or accessible to such computer equipment." ADP services did not include personal or professional services, which were later defined as, inter alia, accounting or legal services, or any situation where the service provider receives data or information and studies, alters, analyzes, interprets or adjusts it. R.C. 5739.01(Y)(2), 140 Ohio Laws, Part I, 233-234.

Therefore, during the audit period, taxable ADP services included transactions in which such services are provided for use in business when the true object of the transaction is the receipt by the consumer of ADP services, rather than the receipt of personal or professional services to which ADP services are incidental or supplemental.

The BTA found that Computax sorts, classifies and rearranges information and then mechanically prints tax returns and appropriate schedules which are sold to its customers. The BTA concluded that Computax provided "[n]o potentially consequential professional or personal tax advice or tax return preparation services" (emphasis deleted) and that the services it furnished were taxable.

Based upon the record, and in conformity with our responsibility in reviewing BTA decisions, as set forth in SFZ Transp., Inc. v. Limbach (1993), 66 Ohio St.3d 602, 613 N.E.2d 1037, we agree with the BTA that the true object of these transactions was ADP services and not professional or personal services.

Because this appeal deals with the sale of ADP services and not tangible personal property, and because the applicable statutes define personal or professional services, Emery Industries, Inc. v. Limbach (1989), 43 Ohio St.3d 134, 539 N.E.2d 608, is inapposite. ComTech Sys., Inc. v. Limbach (1991), 59 Ohio St.3d 96, 98-99, 570 N.E.2d 1089, 1092.

As to the second issue, Computax claims exemption from

taxes under R.C. 5739.01(E)(1) because the benefit of its services is resold in the same form in which it is received by the customer.

The BTA rejected the contention, stating, "[t]he printed materials supplied by Computax to its customers are not resold in the same form as received by Computax's customer. * * *" The BTA found that Computax's customer (the tax preparer) signs the tax return (prepared by Computax), making it "significantly" different from the return prepared by Computax "as a matter of fact and law."

Computax argues that its customers transfer the completed tax form received from Computax to their own taxpayer-client, billing the client for Computax's services as an expense. Thus, Computax contends, the tax form is "resold" to the taxpayer in the same form as received.

The tax preparer's signature on the return may have increased the value of the return, but there is no evidence that the state or form of the return was changed. The BTA's finding to the contrary is unreasonable. See M.S. Osher, M.D. & R.S. Kerstine, M.D., Inc. v. Limbach (1992), 65 Ohio St.3d 312, 603 N.E.2d 997.

We observed earlier that this appeal involves the sale of ADP services rather than tangible personal property. The proper focus for the BTA in considering this issue was the precise language of R.C. 5739.01(E). During the audit period, the statute excepted from the definition of "[r]etail sale" (thus creating an exemption from sales or use tax) sales "in which the purpose of the consumer [the tax preparer] is:

"(1) To resell the * * * benefit of the service provided in the form in which the same is, or is to be, received by him[.]" See 140 Ohio Laws, Part II, 3216.

The BTA's failure to properly analyze and apply the applicable statute to the actual procedure employed by Computax was unreasonable and unlawful. Consequently, this decision of the BTA is reversed.

As to the third issue, the BTA found:

"From the record, it is evident that the automatic data processing and computer printout materials which were provided by Computax to its tax service provider customers were in fact 'used in business' by such customers in the process of providing tax services to their clients and are subject to Ohio use tax * * *." (Emphasis added.)

That specific rejection of Computax's claim is neither unreasonable nor unlawful and the BTA's decision is affirmed.

Decision affirmed in part
and reversed in part.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.