OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Hyatt Corporation, Appellee and Cross-Appellant, v. Limbach, Tax Commr., Appellant and Cross-Appellee.
[Cite as Hyatt Corp. v. Limbach (1994),       Ohio St.3d      .]
     (No. 93-445 -- Submitted April 5, 1994 -- Decided July 13, 1994.)
     Appeal and Cross-Appeal from the Board of Tax Appeals, Nos. 90-K-1175 and 90-K-1176.
     The Tax Commissioner, appellant and cross-appellee, challenges the Board of Tax Appeals' ("BTA's") finding that the expense of cleaning the Hyatt Corporation's, appellee and cross-appellant's, room, restaurant, and banquet linens was excepted from the sales tax because Hyatt resold the benefit of the cleaning service to Hyatt's customers. Hyatt cross-appeals the BTA's findings that the resale exception did not extend to laundering of room linens for rooms held by guests for longer than thirty days and of banquet linens in transactions in which Hyatt did not provide food or beverages. The commissioner also contests the finding that purchases of uniforms worn by desk clerks, waiters, waitresses, and barkeepers were excepted as used directly in making retail sales.
     Hyatt operates the Hyatt on Capital Square and the Hyatt Regency Columbus Hotels in Columbus. Hyatt offers lodging, and food and beverages for room service, in restaurants, and in banquet services. In offering these services, Hyatt owns room linens, consisting of sheets, bedspreads, pillowcases, towels, wash cloths, and bath mats, which it provided to its guests. It also owns restaurant and banquet linen, consisting of napkins, table cloths, and table skirts; Hyatt provides these linens to its guests.
     During the audit period, 1986 through 1988, Hyatt hired Buckeye Linen Service and Wheeling Linen and Uniform Rental Service to launder Hyatt's linens. Under R.C. 5739.01(B)(3)(d), industrial laundry cleaning service is a taxable transaction. Hyatt sold lodging in approximately fourteen rooms to guests who stayed more than thirty days; under R.C. Chapter 5739, sales of such rooms are not retail sales of lodging, and Hyatt does not collect any sales tax on these transactions. Furthermore, a portion of banquet room

rentals did not include the sale of food or beverages, and Hyatt does not collect any sales tax on these transactions..

The BTA found that Hyatt's sale of lodging was the sale, for the period of the letting of the room, of the right to use all tangible personal property contained in the hotel room, including the linen. The BTA then concluded that Hyatt resold the benefit of the cleaned linens to Hyatt's guests. The BTA excepted the charge for laundering them from the tax. However, it refused to except laundering charges for the linens provided in the fourteen rooms let on a long-term basis.

As to the restaurant and banquet linens, the BTA ruled that the restaurant patrons acquired a license to use the linens accompanying the meal and excepted the cleaning service pertaining to these linens. However, the BTA concluded that charges for laundering linens used in rentals of banquet rooms where no foods or beverages were sold were taxable and remanded the case to the commissioner to determine what portion of the linens were so used.

Hyatt also purchased uniforms that its desk clerks, waiters, waitresses, and barkeepers wore. The desk clerks, while in uniform, sold hotel rooms to guests; the uniformed waiters, waitresses and barkeepers sold food and beverages to restaurant patrons.

As to these purchases, the BTA found that Hyatt used or consumed the uniforms directly in making retail sales because these employees were directly involved in making the sales.[1]

The cause is now before this court upon an appeal and cross-appeal as of right.

Bricker & Eckler, Charles F. Glander and Mark A. Engel, for appellee and cross-appellant.

Lee Fisher, Attorney General, and Barton A. Hubbard, Assistant Attorney General, for appellant and cross-appellee.

Per Curiam. We conclude that the BTA's decision was reasonable and lawful and affirm it.

R.C. 5739.02 levies the sales tax on every retail sale made in Ohio. R.C. 5739.01(E)(1) provides:

"'Retail sale' and 'sales at retail' include all sales except those in which the purpose of the consumer is:

"(1) To resell the thing transferred or benefit of the service provided, by a person engaging in business, in the form in which the same is, or is to be, received by him[.]" (Emphasis added.)

R.C. 5739.01(B)(2) defines "sale" and "selling" to include "[a]ll transactions by which lodging by a hotel is or is to be furnished to transient guests." R.C. 5739.01(M) and (N) provide:

"(M)'Hotel' means every establishment kept, used, maintained, advertised or held out to the public to be a place where sleeping accommodations are offered to guests, in which five or more rooms are used for the accommodation of such guests, whether such rooms are in one or several structures.

"(N) 'Transient guests' means persons occupying a room or rooms for sleeping accommodations for less than thirty consecutive days."

The commissioner argues that Hyatt does not resell the

benefits of the cleaning service in the same form to banquet and restaurant patrons and hotel room guests but, instead, that Hyatt consumes the cleaning service in its operation. As to the restaurant and banquet linen, the commissioner also argues that Hyatt offers the linens as gratuities and does not resell them. Hyatt claims that it resells the benefits of the services to its guests and patrons.

In G&J Pepsi Cola Bottling, Inc. v. Limbach (1990), 48 Ohio St. 3d 31, 32, 548 N.E. 2d 936, 938, Justice Douglas explained the resale exception:

"R.C. 5739.01(B) defines a 'sale' to include a transfer of tangible personal property '* * * for a consideration in any manner, whether absolutely or conditionally, whether for a price or rental, in money or by exchange, and by any means whatsoever * * *.' (Emphasis added.) Therefore, if consideration existed for the transfer of the loaned or leased equipment from appellant to its customers, the initial purchase of the equipment by appellant was excepted from the levy of an excise tax in accordance with R.C. 5739.01(E)(1) as property purchased for the purpose of resale." (Emphasis sic.)

We have not decided what is resold in a sale of lodging; however, the BTA has. In Hilton Hotels Corp., d.b.a The Netherlands Hilton Hotel, v. Bowers (July 31, 1962), BTA No. 48023, unreported, the BTA ruled:

"[I]t is apparent that the transaction by which lodging * * * is furnished by a hotel to a transient guest for a consideration contemplates the transfer of possession (or a license to use or consume tangible personal property) by the hotel to the guest of both real property and items of tangible personal property. * * *

"The sleeping room (floors, walls and ceilings) and the 'fixtures' therein (bathtub, toilet, etc.) constitute real property, and all the furnishings, furniture, consumable items and supplies are 'chattels' which are placed in the room by the hotel for the use and possession of the guest. The items of tangible personal property which are in the sleeping room for the use and consumption of the guest are therefore clearly items of tangible personal property which are being resold to the guest, by way of rental, in the same form in which the items were purchased by the hotel, and said items are therefore specifically excepted from taxation by virtue of the provisions of R.C. Section 5739.01(E)(1)."

In Hilton, the consumable items and supplies included sheets, pillowcases, wash cloths, bath mats and towels, the cleaning of which is contested in this case.

We agree with the BTA's decision in Hilton. In a lodging transaction, the hotel transfers a full sleeping room to its guest. This transfer includes the use of linens to sleep on and to wash with. The twist in the instant case is that Hyatt paid another entity to launder these linens, and Hyatt now claims that it resells the benefit of this service to its guests. Under the resale exception, Hyatt is correct. Hyatt purchased this service, normally a taxable transaction, and its guests received the benefit of this service in being able to use clean linen. See CCH Computax, Inc. v. Tracy (1993), 68 Ohio St. 3d 86, 88, 623 N.E. 2d 1178, 1181.

Furthermore, the BTA correctly concluded that linen used

in rooms rented to long-term guests was not resold.  Under the statutes, renting these rooms is not a sale because lodging is not sold to a transient guest, and, consequently, the cleaning service is not resold.  Accordingly, this linen cleaning transaction is not excepted.

The restaurant and banquet linen transactions present a different question.  In these transactions, the patron purchases food and or beverage, not use of a hotel room.  According to Coca-Cola Bottling Corp. v. Kosydar (1975), 43 Ohio St.2d 186, 72  O.O. 2d 104, 331 N.E. 2d 440, syllabus, the transfer of property to another without making a direct charge to the other is not a transfer for consideration and is not a resale of the property.

However here, as the BTA found, Hyatt transfers a license to use the linen to its restaurant and banquet patrons and includes the expense to clean the restaurant and banquet linens in the charge for the food and beverage; it may claim exception of this charge as a resale of the service.  Nevertheless, for linen used in rented banquet rooms in which no foods or beverages were sold, it may not claim exception for laundering charges because it did not resell the laundering service, as was the case with the nontransient lodging sales.

Turning to the purchase of uniforms, R.C. 5739.01(E)(2) excepts all items to be used "directly in making retail sales."  R.C. 5739.01(O) defines "making retail sales" as:

"[T]he effecting of transactions wherein one party is obligated to pay the price and the other party is obligated to provide a service or to transfer title to or possession of the items sold, but it does not include the delivery of items thereafter nor the preliminary acts of promoting or soliciting the retail sales, other than the distribution of printed matters which displays or describes and prices the item offered for sale."

Thus, an item is used directly in making retail sales if it is used directly to effect the retail transaction.  The commissioner argues that these uniforms are not so used, and Hyatt argues that they are.

Employees who sell rooms, food, and beverages to Hyatt's guests wear these uniforms, and the uniforms identify the employees as such.  The guest knows he is purchasing these items from Hyatt when he approaches people wearing these uniforms.  Furthermore, the guest knows he is paying Hyatt for the room, food, or beverage when he gives money to a person wearing one of the contested uniforms.  Under these facts, Hyatt uses these uniforms directly in making retail sales, and its purchases of them were exempt.

Accordingly, we affirm the BTA's decision.

                                    Decision affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright,  Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

FOOTNOTE
1    Hyatt has not challenged the BTA's findings that uniforms worn by employees who did not directly make sales were taxable.